. *Court of Common Pleas, Dauphin County, February 13th, 1854.*

IN THE MATTER OF ABRAHAM MARTIN'S ESTATE.

Money arising from the sale of the estate of the principal debtor should be paid to the creditor in discharge of the surety rather than to the latter himself. The creditor is entitled to all the securities given by the principal debtor to his surety.

BY THE COURT.—The report of the auditor shows that Abraham Martin owed Peter Myers a debt of five hundred dollars.

John Martin became his security for its payment by signing a joint and several bond March 31st, 1843. Abraham Martin paid the interest due on the obligation down to April 10th, 1851. On March 30th, 1853, Abraham Martin, being in failing circumstances, gave his brother, John Martin, a bond for $560, the amount of debt and interest due Myers, on which was entered judgment (151, January Term, 1853).

We are perfectly satisfied that the bond was for the purpose of indemnity, both from the evidence of Mr. Seiler, who is disinterested, and from that of Abner Crull. The administrator of John Martin now claims the money which was raised by the sale of Abraham Martin's property. The administrator of Peter Myers also claims it. There is no pretence that John Martin ever paid the debt for which he was surety to Myers. The consequence of permitting Martin's administrator to take this money is that it goes into a course of administration and general distribution among his creditors, by which the debt of Myers may remain unpaid, and consequently Abraham Martin left liable for its payment. This would be manifestly unjust towards him. The court must take care that the debt due by the principal is fully discharged before suffering a surety to take the money out of court on a mere judgment of indemnity. How then is justice to be done between all these parties? The answer is obvious: by directing the money to be paid to Myers, the original creditor. Thus John Martin is indemnified and saved harmless, and Abraham Martin's debt is discharged. Besides it is a well-settled principle that the creditor is entitled to all the securities given by the principal debtor to his surety, as well as those which have been given by the debtor himself to his principal (11 Ves. 22; 4 John Ch. 530; Idem, 130; 8 W. & S. 298; Idem, 305; 9 Barr, 366). Independent then of our duty to see that the money in court shall be so distributed that no injustice shall be done to any one, the administrator of Myers is entitled to the fund according to the above stated principle, leaving out of view the promise or declaration of John Martin as proved by Crull. Abraham Martin is not a competent witness, being directly interested to have this fund applied in payment of his debt, but the facts are clearly proved by the other witnesses and the papers without his testimony. Therefore, it is ordered that the money be paid over to the administrator of Peter Myers in discharge of the bond of Abraham and John Martin.